IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHANNON L. MCLAUGHLIN, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 1:11-cv-11905 |
| ) | Judge Richard G. Stearns |
| LEON PANETTA, et al., ) | |
| ) | |
| Defendants. ) | |

**NOTICE OF POTENTIAL INTERVENOR THE BIPARTISAN
LEGAL ADVISORY GROUP OF THE U.S. HOUSE OF REPRESENTATIVES**

The Bipartisan Legal Advisory Group of the U.S. House of Representatives ("House") respectfully advises the Court that it may – depending on decisions to be made by the Justice Department ("Department"), hopefully within the next several weeks – seek leave to intervene in this matter as a party defendant for the purpose of defending the constitutionality of an Act of Congress. If the House ultimately determines that it will seek leave to intervene, it intends to do so as expeditiously as possible.

The Bipartisan Legal Advisory Group – currently comprised of the Honorable John A. Boehner, Speaker of the House, the Honorable Eric Cantor, Majority Leader, the Honorable Kevin McCarthy, Majority Whip, the Honorable Nancy Pelosi, Democratic Leader, and the Honorable Steny H. Hoyer, Democratic Whip – articulates the institutional position of the House in litigation matters, and has done so since at least the early 1980s. While the Group seeks consensus whenever possible, it functions on a majoritarian basis, like the institution it represents, when consensus cannot be achieved.

This action challenges the constitutionality of Section 3 of the Defense of Marriage Act,


Pub. L. No. 104-199, 110 Stat. 2419 (1996) ("DOMA"), codified at 1 U.S.C. § 7, as well as other federal statutes (10 U.S.C. § 101(f)(5); 32 U.S.C. § 101(18); 38 U.S.C. §§ 101(3), 101(31)).[1] As the Court is aware, it is the duty of the Executive Branch to "take Care that the Laws be faithfully executed," U.S. Const. art. II, § 3, and in furtherance of that responsibility, the Department ordinarily defends the constitutionality of duly enacted federal laws when they are challenged in court. Each of the statutes challenged here is such a law.

With respect to one statute at issue here, DOMA Section 3, the Department, after repeatedly defending its constitutionality in the years following its enactment in 1996,[2] abruptly

---

[1] These challenged statutes provide, in pertinent part, as follows:

1 U.S.C. § 7 – "In determining the meaning of any Act of Congress, or of any ruling, regulation, or interpretation of the various administrative bureaus and agencies of the United States, the word 'marriage' means only a legal union between one man and one woman as husband and wife, and the word 'spouse' refers only to a person of the opposite sex who is a husband or a wife."

10 U.S.C. § 101(f)(5) – "In this title . . . 'spouse' means husband or wife, as the case may be."

32 U.S.C. § 101(18) – "[T]he following definitions apply in this title: . . . 'Spouse' means husband or wife, as the case may be."

38 U.S.C. § 101(3) – "For purposes of this title . . . [t]he term 'surviving spouse' means . . . a person of the opposite sex who was the spouse of a veteran at the time of the veteran's death . . . ."

38 U.S.C. § 101(31) – "For purposes of this title . . . [t]he term 'spouse' means a person of the opposite sex who is a wife or husband."

[2] <u>Bush Administration</u> – *E.g.*, *Smelt v. Cnty. of Orange*, 374 F. Supp. 2d 861 (C.D. Cal. 2005), *aff'd in part and vacated in part*, 447 F.3d 673 (9th Cir.) (plaintiffs lacked standing to challenge Section 3), *cert. denied*, 549 U.S. 959 (2006); *Wilson v. Ake*, 354 F. Supp. 2d 1298 (M.D. Fla. 2005) (constitutional challenges to DOMA dismissed for failure to state claim); Order, *Sullivan v. Bush*, No. 1:04-cv-21118 (S.D. Fla. Mar. 16, 2005) (ECF No. 68) (granting plaintiff's motion for voluntary dismissal after defendants moved to dismiss); Order, *Hunt v. Ake*, No. 8:04-cv-1852 (M.D. Fla. Jan. 20, 2005) (ECF No. 35) (constitutional challenges to

(continued . . . .)

abandoned that defense in February of this year, *but only* with respect to challenges predicated on the equal protection component of the Fifth Amendment's Due Process Clause.  *See* Letter from Eric H. Holder, Jr., Attorney General, to the Honorable John A. Boehner, Speaker, U.S. House of Representatives (Feb. 23, 2011) ("Holder Letter"), *available at* http://www.justice.gov/opa/pr/2011/February/11-ag-223.html.  When the Department declines to defend a challenged statute, the Legislative Branch may, if it wishes, accept that responsibility:

> Congress is the proper party to defend the validity of a statute when an agency of government, as a defendant charged with enforcing the statute, agrees with plaintiffs that the statute is inapplicable or unconstitutional.

*INS v. Chadha*, 462 U.S. 919, 940 (1983) (citing *Cheng Fan Kwok v. INS*, 392 U.S. 206, 210 n.9 (1968), and *United States v. Lovett*, 328 U.S. 303 (1946)).³

---

DOMA dismissed for failure to state claim); *In re Kandu*, 315 B.R. 123 (Bankr. W.D. Wash. 2004) (DOMA does not violate Fifth Amendment).

Obama Administration – *E.g*., Corrected Br. for the U.S. Dep't of Health and Human Servs., *Massachusetts v. U.S. Dep't of HHS*, Nos. 10-2204, -2207, -2214 (1st Cir. Jan. 19, 2011) (ECF No. 00116160305); *Massachusetts v. U.S. Dep't of HHS*, 698 F. Supp. 2d 234 (D. Mass. 2010), *appeal pending*, No. 10-2204 (1st Cir.); *Gill v. Office of Pers. Mgmt.*, 699 F. Supp. 2d 374 (D. Mass. 2010), *appeal pending*, Nos. 10-2207, 10-2214 (1st Cir.); Fed. Defs.' . . . Mot. to Dismiss, *Dragovich v. Dep't of the Treasury*, No. 4:10-01564 (N.D. Cal. July 2, 2010) (ECF No. 25); Mem. in Support of Defs.' Mot. to Dismiss Pls.' First Amend. Compl., *Golinski v. U.S. Office of Pers. Mgmt.*, No. 3:10-cv-0257 (N.D. Cal. May 10, 2010) (ECF No. 49); Mot. to Dismiss by United States of America, *Bishop v. United States*, No. 4:04-cv-00848 (N.D. Okla. Oct. 13, 2009) (ECF No. 137).

³  The Legislative Branch frequently has intervened to defend the constitutionality of federal statutes when the Department has refused to do so.  *See, e.g*., *Chadha*, 462 U.S. at 930 n.5; *Adolph Coors Co. v. Brady*, 944 F.2d 1543, 1545 (10th Cir. 1991); *Synar v. United States*, 626 F. Supp. 1374, 1378-79 (D.D.C. 1986), *aff'd sub nom. Bowsher v. Synar*, 478 U.S. 714 (1986); *Ameron, Inc. v. U.S. Army Corp of Eng'rs*, 607 F. Supp. 962, 963 (D.N.J. 1985), *aff'd*, 809 F.2d 979 (3d Cir. 1986); *In re Koerner*, 800 F.2d 1358, 1360 (5th Cir. 1986); *Barnes v. Carmen¸* 582 F. Supp. 163, 164 (D.D.C. 1984), *rev'd sub nom. Barnes v. Kline*, 759 F.2d 21, 22 (D.C. Cir. 1984),  *rev'd on mootness grounds sub nom. Burke v. Barnes*, 479 U.S. 361, 362 (1987); *In re Prod. Steel, Inc.*, 48 B.R. 841, 842 (M.D. Tenn. 1985); *In re Moody*, 46 B.R. 231, 233 (M.D.N.C. 1985); *In re Tom Carter Enters., Inc.*, 44 B.R. 605, 606 (C.D. Cal. 1984); *In re*

(continued . . . .)

Following the Attorney General's February about-face, the House did precisely that, formally deciding on March 9, 2011, to itself defend DOMA Section 3's constitutionality in cases in which it has been challenged.  *See* Press Release, Speaker of the House John A. Boehner, *House Will Ensure DOMA Constitutionality Is Determined by the Court* (Mar. 9, 2011) ("House General Counsel has been directed to initiate a legal defense of [Section 3 of DOMA]"), *available at* http://www.speaker.gov/News/DocumentSingle.aspx?DocumentID=228539.

Since then, the Department has notified the House of a number of cases in which DOMA Section 3's constitutionality has been placed at issue, and the House has moved to intervene in ten of those cases.[4]  To date, seven of seven federal courts that have ruled on House motions to intervene have granted those motions; the other three motions are pending.[5]

We have conferred with the Department about this case.  Initially, we were advised that

---

*Benny*, 44 B.R. 581, 583 (N.D. Cal. 1984), *aff'd in part & dismissed in part*, 791 F.2d 712 (9th Cir. 1986).

[4] The Democratic Leader and the Democratic Whip declined to support the filing of those motions.

[5] Granted – Order of Court, *Massachusetts v. Dep't of HHS*, No. 10-2204 (1st Cir. June 16, 2011) (ECF No. 00116221480); Order at 1, *Bishop v. United States*, No. 4:04-cv-00848 (N.D. Okla. Aug. 5, 2011) (ECF No. 181); In Chambers Order, *Lui v. Holder*, 11-cv-01267 (C.D. Cal. July 13, 2011) (ECF No. 25); Order Granting Mot. of [the House] to Intervene for a Limited Purpose, *Dragovich v. Dep't of Treasury*, No. 4:10-cv-01564 (N.D. Cal. June 10, 2011) (ECF No. 88); Order Granting the Mot. of the [House] to Intervene for a Limited Purpose, *Golinski v. Office of Pers. Mgmt.*, No. 3:10-cv-0257 (N.D. Cal. June 3, 2011) (ECF No. 116); Mem. and Order, *Windsor v. United States*, No. 1:10-cv-08435 (S.D.N.Y. June 2, 2011) (ECF No. 26); Minute Order, *Pedersen v. Office of Pers. Mgmt.*, No. 3:10-cv-01750 (D. Conn. May 27, 2011) (ECF No. 55).

Pending – Mot. of the [House] to Intervene for a Limited Purpose, *Cozen O'Connor v. Tobits*, No. 2:11-cv-00045 (E.D. Pa. Nov. 4, 2011) (ECF No. 58); Mot. of the [House] for Leave to Intervene, *Torres-Barragan v. Holder*, No. 10-55768 (9th Cir. June 24, 2011) (ECF No. 31) (case has been stayed); Mot. of the [House] to Intervene for a Limited Purpose . . . , *Revelis v. Napolitano*, No. 1:11-cv-01991 (N.D. Ill. May 31, 2011) (ECF No. 14).

the Department would defend against the Tenth Amendment and Bill of Attainder claims (Counts II, IV, VI, VIII, X, XII), and that it still was considering, in consultation with the Defense Department, whether it would defend against the equal protection and substantive due process claims (Counts I, III, V, VII, IX, XI). Subsequently, the Department would say only that it "has not announced a decision about the defense of this case," and it recognizes "that the current deadline for its answer or other response is December 30, 2011."

We assume the Department will in fact defend all of the challenged statutes against the Tenth Amendment claims (Counts II, VI, X) because – aside from its constitutional obligation to do so – it currently is actively defending DOMA Section 3 against a Tenth Amendment challenge in another case in this Circuit. *See* Superseding Br. for the Dep't of Health and Human Servs. at 55-61, *Massachusetts v. U.S. Dep't of HHS*, Nos. 10-2204, -2207, -2214 (1st Cir. Sept. 22, 2011) (ECF No. 00116264820). We also assume the Department will defend all of the challenged statutes against the Bill of Attainder claims (Counts IV, VIII, XII) since there is no apparent reason for those claims to be treated differently from the Tenth Amendment claims.

Given (i) that the suit names only Executive Branch officials the Department is responsible for defending; (ii) that the Department currently is unwilling or unable to clarify further its position regarding the defense of this case; and (iii) that, in particular, the Department currently is unwilling or unable to say what it intends to do about non-DOMA statutes (10 U.S.C. § 101(f)(5); 32 U.S.C. § 101(18); 38 U.S.C. §§ 101(3), 101(31)) challenged in this case, the House intends to wait for the Department to make those decisions before determining whether it will to seek leave to intervene here. In the event the House ultimately does determine, as a result of the Department's decisions, that it will seek leave to intervene, the House intends to file with this Court the appropriate motion papers as promptly as possible.

              Respectfully submitted,

              */s/ Paul D. Clement*
              Paul D. Clement
              H. Christopher Bartolomucci
              Conor B. Dugan
              Nicholas J. Nelson

              BANCROFT PLLC[6]
              1919 M Street, N.W., Suite 470
              Washington, D.C.  20036
              202/234-0090 (phone)
              202/234-2806 (fax)

              *Counsel for Potential Intervenor Bipartisan Legal Advisory Group of the U.S. House of Representatives*

*Of Counsel*
Kerry W. Kircher, General Counsel
Christine Davenport, Sr. Assistant Counsel
Katherine E. McCarron, Assistant Counsel
William Pittard, Assistant Counsel
Kirsten W. Konar, Assistant Counsel

Office of General Counsel
U.S. House of Representatives
219 Cannon House Office Building
Washington, D.C.  20515
202/225-9700 (phone)
202/226-1360 (fax)

November 18, 2011

---

[6] Bancroft PLLC has been "specially retained by the Office of General Counsel" to litigate the constitutionality of DOMA Section 3 on behalf of the House.  Its attorneys are, therefore, "entitled, for the purpose of performing [that] function[], to enter an appearance in any proceeding before any court of the United States . . . without compliance with any requirement for admission to practice before such court . . . ."  2 U.S.C. § 130f(a).

## CERTIFICATE OF SERVICE

I certify that on November 18, 2011, I filed the foregoing Notice of Potential Intervenor the Bipartisan Legal Advisory Group of the U.S. House of Representatives with the U.S. District Court for the District of Massachusetts using the CM/ECF system; that the attorneys for all parties in this case are registered CM/ECF users; and that I also served a copy of the Notice by electronic mail (.pdf format), and by first-class mail, postage prepaid, upon each of the following:

    Ian McClatchey, Esq.
    CHADBOURNE & PARKE LLP
    30 Rockefeller Plaza
    New York, NY 10112
    IMcClatchey@Chadbourne.com

    Abbe David Lowell, Esq.
    Christopher D. Man, Esq.
    CHADBOURNE & PARKE LLP
    1200 New Hampshire Ave., NW
    Washington, DC 20036
    ADLowell@Chadbourne.com
    CMan@Chadbourne.com

    John Goodman, Esq.
    David McKean, Esq.
    SERVICEMEMBERS LEGAL DEFENSE NETWORK
    Post Office Box 65301
    Washington, DC 20035
    JGoodman@SLDN.org
    DMcKean@SLDN.org

    Arthur R. Goldberg, Assistant Director
    Jean Lin, Senior Trial Counsel
    UNITED STATES DEPARTMENT OF JUSTICE
    Civil Division - Federal Programs Branch
    20 Massachusetts Ave., N.W.
    Washington, DC 20530
    arthur.goldberg@usdoj.gov
    jean.lin@usdoj.gov

                            */s/ Kerry W. Kircher*
                            Kerry W. Kircher