IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SHANNON L. MCLAUGHLIN, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 1:11-cv-11905 |
| ) | |
| LEON PANETTA, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
UNOPPOSED MOTION OF PROPOSED INTERVENOR-DEFENDANT
FOR LEAVE TO FILE CONSOLIDATED REPLY MEMORANDUM
IN SUPPORT OF MOTION TO INTERVENE**

The Bipartisan Legal Advisory Group of the U.S. House of Representatives ("House") has moved to intervene as a defendant in this matter to defend against equal protection and substantive due process challenges to two statutes – Section 3 of the Defense of Marriage Act, Pub. L. No. 104-199, § III, 110 Stat. 2419 (1996) ("DOMA"), codified at 1 U.S.C. § 7, and 38 U.S.C. § 101(3) & (31) – that the Department of Justice refuses to defend. *See* Mem. of P. & A. in Supp. of Mot. of the [House] for Leave to Intervene (May 1, 2012) (ECF No. 33) ("House Mem.").

Plaintiffs have filed a very long-winded opposition to the House's intervention motion. *See* Pls.' Opp'n to the Mot. of the [House] for Leave to Intervene (May 9, 2012) (ECF No. 34) ("Pls.' Opp'n). Plaintiffs argue – contrary to the decisions of 10 of 10 other Courts that already have considered this issue, including the First Circuit, *see* House Mem. at 6 & n.5 – that the House should be permitted to appear as an amicus only, and that plaintiffs should be enabled to attack the constitutionality of DOMA Section 3 and 38 U.S.C. § 101(3) & (31), on equal

protection and substantive due process grounds, without any *party* defending against those claims. Plaintiffs argue, in particular, that the House should not be permitted to intervene here because, they say:

- notwithstanding the Separation of Powers principle, this Court, rather than the House itself, should formulate the procedures by which the House determines whether to seek to involve itself in litigation, and the Court should adjudge the decision-making processes of a coordinate branch of the federal government – the same decision-making processes the House has followed for many, many years – inadequate here, *see* Pls.' Opp'n at 5-12;

- Separation of Powers concerns – rooted, in plaintiffs' telling, in the Take Care, Appointments, Ineligibility, and Incompatibility Clauses of the Constitution, as well as in Title 28 and the Equal Access to Justice Act – somehow preclude the House from intervening here, *see* Pls.' Opp'n at 12-27, notwithstanding that the Supreme Court in *INS v. Chadha*, 462 U.S. 919 (1983), along with numerous lower courts, have sanctioned intervention by one or both houses of Congress in circumstances indistinguishable from those present here, *see* House Mem. at 6-13;

- the House lacks standing to intervene, *see* Pls.' Opp'n at 27-39, even though the House need not demonstrate independent intervenor standing, and even though the Supreme Court made clear in *Chadha*, 462 U.S. at 931 n.6, that the House does have standing to intervene when the Department (as here) refuses to defend the constitutionality of an Act of Congress, *see* House Mem. at 14-16;

- the Supreme Court's holding in *Chadha* – that Congress may intervene to defend the constitutionality of federal statutes when the Executive Branch refuses to do so – impliedly was overruled by a very different subsequent Supreme Court

holding that Members of Congress do not have standing to become *plaintiffs* in certain instances, *see* Pls.' Opp'n at 30-32;

- the House fails to meet the criteria established by Federal Rule 24, *see id*. at 40-44, even though every Court that has considered this issue to date, including the First Circuit, has disagreed with plaintiffs, *see* House Mem. at 6 & n.5; and

- this Court should assume the Executive Branch Defendants would appeal a ruling that DOMA Section 3 is unconstitutional if the House so requested, *see* Pls.' Opp'n at 3, even though there is no basis for the Court to make that assumption, and even though the Department refused to notice an appeal in *Lui v. Holder*, No. 2:11-cv-01267 (C.D. Cal.), when the House requested that the Department do so.[1]

The Executive Branch Defendants, for their part, while purporting not to oppose the House's intervention motion, actually echo the plaintiffs in seeking to reduce the House to a mere amicus by, among other things, purveying a constricted and incorrect reading of *Chadha*. *See* Defs.' Resp. to Mot. of the [House] for Leave to Intervene at 2-4 (May 15, 2012) (ECF No. 37).

The arguments raised by both plaintiffs and the Executive Branch Defendants – notwithstanding the very many pages devoted to making them – are meritless and based on significant misreadings of constitutional and other case law.  In addition, some of the arguments advanced by the plaintiffs are novel – to the point of being bizarre – and could not have been anticipated by the House at the time it filed its intervention motion.

---

[1] In *Lui*, the district court granted the House's motion to dismiss, thereby holding that DOMA Section 3 does not violate the equal protection component of the Fifth Amendment's Due Process Clause.  *See* In Chambers Order, *Lui v. Holder*, No. 2:11-cv-01267 (C.D. Cal. Sept. 28, 2011) (ECF No. 38).  Despite the House's request that the Department appeal the merits of that decision so that the issue of DOMA's constitutionality could be considered by the Ninth Circuit, the Department refused and, when the plaintiffs also declined to appeal, that case died.

Accordingly, unless the Court believes it now is able to grant the House's intervention motion without further briefing, the House should be permitted to file a consolidated reply memorandum, not to exceed 30 pages in length, in order to explain why plaintiffs' and the Department's arguments are meritless so that the Court can make a fully informed decision regarding the House's intervention.

This case now is stayed pending a resolution by the First Circuit of *Massachusetts v. U.S. Dep't of HHS*, Nos. 10-2204, 10-2207, & 10-2214).  *See* Electronic Order Granting Consent Mot. to Continue Obligations to Answer the Compl. & to Respond to Pls.' Mot. for Summ. J. (Apr. 20, 2012) (ECF No. 31).  For that reason, and because counsel for the House have significant responsibilities for a number of other active DOMA cases now pending around the country – including an appeal brief in *Golinski v. OPM*, Nos. 12-15388 & 12-15409 (9th Cir.), that is due on June 4, 2012 – the House requests that it be permitted to file its consolidated reply on or before June 22, 2012.

    Respectfully submitted,

    Paul D. Clement
    */s/ H. Christopher Bartolomucci*
    H. Christopher Bartolomucci
    Conor B. Dugan
    Nicholas Nelson

    BANCROFT PLLC
    1919 M Street, N.W., Suite 470
    Washington, D.C. 20036
    (202) 234-0090 (phone)
    (202) 234-2806 (fax)
    cbartolomucci@bancroftpllc.com

    *Counsel for Proposed Intervenor the Bipartisan Legal Advisory Group of the U.S. House of Representatives*

*Of Counsel*

Kerry W. Kircher, General Counsel
William Pittard, Deputy General Counsel
Christine Davenport, Senior Assistant Counsel
Kirsten W. Konar, Assistant Counsel
Todd B. Tatelman, Assistant Counsel
Mary Beth Walker, Assistant Counsel

Office of General Counsel
U.S. House of Representatives
219 Cannon House Office Building
Washington, D.C.  20515
(202) 225-9700 (phone)
(202) 226-1360 (fax)

May 15, 2012

## CERTIFICATE OF SERVICE

     I certify that on May 15, 2012, I electronically filed the foregoing Memorandum of Points and Authorities in Support of Unopposed Motion of Proposed Intervenor-Defendant for Leave File Consolidated Reply Memorandum in Support of Motion to Intervene with the Clerk of the Court for the U.S. District Court for Massachusetts using the appellate CM/ECF system. I further certify that counsel for all parties in this case are registered CM/ECF users and will be served by the appellate CM/ECF system.

                                       */s/ Christine Davenport*
                                       Christine Davenport