IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                                      )
SHANNON L. MCLAUGHLIN, *et al.*,   )
                                                      )
            Plaintiffs,       )
                                                        )
v.                                                       )      Civil Action No. 1:11-cv-11905-RGS
                                                        )
LEON PANETTA, *et al.*,             )
                                                      )
            Defendants.      )
_____)

**DEFENDANTS' MOTION TO STAY
OR, IN THE ALTERNATIVE, FOR AN EXTENSION OF TIME**

Defendants Leon Panetta, Secretary of Defense; Eric Holder, Attorney General; Eric Shinseki, Secretary of Veterans Affairs; and the United States of America, by and through undersigned counsel, respectfully move to stay this case until thirty (30) days after the First Circuit issues its mandate in *Massachusetts v. HHS*, No. 10-2204, and *Gill v. OPM*, Nos. 10-2207, 10-2214. In the alternative, should this Court deny this request to stay, Defendants respectfully request an extension of thirty (30) days from the date of this Court's denial to respond to the Complaint and Plaintiffs' motion for summary judgment. In support of this motion, Defendants state as follows:

       1.       On October 27, 2011, Plaintiffs, who are current and former active duty members of the U.S. armed forces and their same-sex spouses, filed this action challenging the constitutionality of Section 3 of the Defense of Marriage Act ("DOMA"), 1 U.S.C. § 7, as applied to Titles 10, 32, and 38 of the United States Code regarding military and veteran benefits. The suit also challenges the constitutionality of the definitional provisions in Titles 10, 32 and 38 of the term "spouse." The Complaint raises equal protection, Tenth Amendment,

substantive due process, and Bill of Attainder claims, and affects a wide range of military and veteran benefits.

2. After the United States Attorney for the District of Massachusetts was served and Plaintiffs moved for summary judgment, this Court granted several extensions of time. Most recently on April 23, 2012, this Court continued Defendants' obligations to answer the Complaint and to respond to Plaintiffs' motion for summary judgment until twenty-one (21) days after the Court of Appeals issued a decision in the consolidated appeals of *Massachusetts v. HHS* and *Gill v. OPM,* because those cases raised issues that overlap with this case, including equal protection challenges to DOMA Section 3 and Tenth Amendment claims.

3. In the meantime, on February 21, 2012, Defendants notified this Court and the parties that the Department of Justice would not defend the constitutionality of Section 3 of DOMA and Sections 101(3) and 101(31) of Title 38 of the United States Code from challenges brought under the equal protection component of the Due Process Clause of the Fifth Amendment. The Bipartisan Legal Advisory Group of the U.S. House of Representatives moved to intervene on May 9, 2012, and this Court granted that motion on May 16, 2012.

4. On May 31, 2012, the First Circuit ruled in *Massachusetts* and *Gill*. Defendants' response to the Complaint and Plaintiffs' motion for summary judgment in this case, therefore, is currently due on June 21, 2012. The First Circuit, however, has stayed the issuance of its mandate in *Massachusetts* and *Gill*, "[a]nticipating that certiorari will be sought and that Supreme Court review of DOMA is highly likely." Slip Op. at 32. The First Circuit thus "maintain[ed] the district court's stay of its injunctive judgment, pending further order of [the] court." *Id.* at 32-33.

5. In light of the likelihood that further review will be sought in *Gill* and *Massachusetts*, the First Circuit's recognition that the Supreme Court may determine the issue of Section 3 of DOMA's constitutionality, and the fact that the First Circuit's mandate in *Massachusetts* and *Gill* has been stayed, Defendants respectfully request that this Court exercise its broad discretion to stay this case pending the final resolution of *Gill* and *Massachusetts*. Proceeding with this case now may require a significant, and potentially wasteful, expenditure of time and resources by the parties and this Court. As the Supreme Court has said, "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Air Line Pilots Ass'n v. Miller*, 523 U.S. 866, 879 n. 6 (1998) (quoting *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936)). This Court may properly "find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Canady v. Erbe Elektomedizin GMBH*, 271 F. Supp. 2d 64, 74 (D.D.C. 2002) (internal quotations marks and citations omitted); *see, e.g., Coombs v. Diguglielmo*, 2004 WL 1631416 at *1-*2 (E.D. Pa. July 21, 2004) (stay granted in light of pending petition for certiorari in case that may have "significant impact" on case before the court); *Felix v. United States*, 1992 WL 361745 at *1 (N.D. Cal. April 29, 1992) (stay of proceedings granted to allow government opportunity to consider seeking Supreme Court review of court of appeals' decision).

6. Should this Court deny this stay request, Defendants respectfully request that they be given thirty (30) days from the date of this Court's denial to respond to the Complaint and Plaintiffs' motion for summary judgment. The government will need this time to formulate its

responses, particularly given the First Circuit's recent ruling in *Massachusetts* and *Gill*, which articulates a framework for assessing the constitutional issues.

7. Defendants have conferred with Plaintiffs' counsel as well as counsel for Intervenor-Defendant the Bipartisan Legal Advisory Group of the United States House of Representatives ("BLAG") regarding this motion. BLAG consents to this motion but will be filing a response. Plaintiffs consent to this motion with respect to all claims except for their equal protection challenges, which are averred in Counts I, V, and IX of the Complaint. Should the Court deny Defendants' request to stay the case, Plaintiffs also oppose Defendants' alternative request to have thirty (30) days from this Court's denial to respond to the Complaint and Plaintiffs' motion for summary judgment, to the extent the extension of time relates to Plaintiffs' equal protection claims. Plaintiffs' position is that their equal protection claims should proceed, without any extension, and they have no objections to staying the rest of the case.

WHEREFORE, Defendants respectfully request that this case be furthered stayed until thirty (30) days after the First Circuit issues its mandate in *Massachusetts v. HHS*, No. 10-2204, and *Gill v. OPM*, Nos. 10-2207, 10-2214. Should this Court deny this request to stay, Defendants respectfully request, in the alternative, an extension of thirty (30) days from the date of this Court's denial to respond to the Complaint and Plaintiffs' motion for summary judgment.

Dated: June 5, 2012                               Respectfully Submitted,

                                                       STUART F. DELERY
                                                       Acting Assistant Attorney General

                                                       CARMEN M. ORTIZ
                                                       United States Attorney

                                                       ARTHUR R. GOLDBERG
                                                       Assistant Branch Director

|  | /s/ *Jean Lin* |
|---|---|

JEAN LIN
Senior Trial Counsel
U.S. Department of Justice
Civil Division
Federal Programs Branch
20 Massachusetts Avenue, NW
Washington, DC 20530
Phone:  (202) 514-3716
Fax:  (202) 616-8470
email:  jean.lin@usdoj.gov

5

**Local Rule 7.1 Certificate**

Pursuant to Local Rule 7.1(a)(2), undersigned counsel has conferred with counsel for Plaintiffs, Mr. Christopher Man, and counsel for Intervenor-Defendant the Bipartisan Legal Advisory Group of the U.S. House of Representatives ("BLAG"), Mr. Kerry Kircher, regarding this motion.  Mr. Kircher indicated that BLAG consents to this motion but will be filing a response.   Mr. Man indicated that Plaintiffs consent to this motion with respect to all claims except for their equal protection challenges, which are averred in Counts I, V, and IX of the Complaint.  Mr. Man further indicated that Plaintiffs also oppose Defendants' alternative request to have 30 days from this Court's denial to respond to the Complaint and Plaintiffs' motion for summary judgment, to the extent the extension of time relates to Plaintiffs' equal protection claims.

                      /s/  *Jean Lin*
                      JEAN LIN

**CERTIFICATE OF SERVICE**

    I certify that on June 5, 2012, a true copy of the foregoing Defendants' Motion to Stay or in the Alternative for Extension of Time was served upon following attorney of record for each other party through the Court's Electronic Case Filing system:

Ian McClatchey, Esq.
IMcClatchey@Chadbourne.com
CHADBOURNE & PARKE LLP
30 Rockefeller Plaza
New York, NY 10112

Abbe David Lowell, Esq.
ADLowell@Chadbourne.com
Christopher D. Man
CMan@Chadbourne.com
CHADBOURNE & PARKE LLP
1200 New Hampshire Ave., NW
Washington, DC 20036

John M. Goodman, Esq.
JGoodman@SLDN.org
David McKean
DMcKean@SLDN.org
SERVICEMEMBERS LEGAL DEFENSE NETWORK
Post Office Box 65301
Washington, DC 20035

                                                  /s/ *Jean Lin*
                                                  JEAN LIN