UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
MAJ SHANNON L. MCLAUGHLIN, et al.    )
                                     )
    Plaintiffs,                      )
                                     )
    v.                               )   No. 1:11-cv-11905-RGS
                                     )
LEON E. PANETTA, in his official capacity as )
Secretary of Defense; et al.,        )
                                     )
    Defendants.                      )
_____  )

## PLAINTIFFS' RESPONSE TO THE GOVERNMENT'S MOTION TO STAY

Plaintiffs filed this suit on October 27, 2011 (Dkt. 1) and sought summary judgment on November 21, 2011 (Dkts. 13-14), more than six months ago. They have agreed to multiple extensions of time for the government to respond, including the government's last request "to continue the obligations to answer the Complaint and to respond to Plaintiffs' motion for summary judgment to twenty-one (21) days after the Court of Appeals issues a decision in the consolidated appeals of *Massachusetts v. HHS*, No. 10-2204, and *Gill v. OPM*, No. 10-2207." (Dkt. 31 at 1 (granted on April 23, 2012)). The First Circuit issued its decision in those cases on March 31, 2012, making the government's response due on June 21, 2012 -- just as the government previously requested. See Massachusetts v. HHS, 2012 WL 1948017 (1st Cir. May 31, 2012).

It is not clear why the 21 days the government previously believed would be adequate to respond to the Plaintiffs' complaint and motion for summary judgment would no longer be adequate. Indeed, the First Circuit agreed with the government's contention that Section 3 of the Defense of Marriage Act ("DOMA") violates the equal protection component of the Fifth Amendment in that case, and the government has conceded that the statutes challenged by the Plaintiffs in this case are

unconstitutional for the same reason. (Dkt. 28.) Consequently, no change in the government's litigating position is required.

Nor can Plaintiffs agree with the government's position that "[p]roceeding with this case now may require a significant, and potentially wasteful, expenditure of time and resources by the parties and this Court." (Dkt. 40 at 3.) To the contrary, the First Circuit's decision has greatly <u>simplified</u> this case -- which was the government's expectation in seeking the prior extensions in the first place. (Dkt. 31 at 2 (explaining the issues in the pending cases on appeal and this case "overlap" and the First Circuit's "resolution of those consolidated appeals will significantly impact the resolution of this case").) Because the First Circuit already has rejected the very arguments raised by the Bipartisan Legal Advisory Group ("BLAG") and held DOMA unconstitutional on equal protection grounds, the Plaintiffs agree that it makes sense for the parties to brief and for the Court to only consider the Plaintiffs' equal protection claims now. The Plaintiffs do not object to the government's request to stay consideration of their non-equal protection claims.

Consequently, the number of claims the Plaintiffs ask this Court to consider now has been reduced from twelve to three -- a single equal protection challenge to Titles 10, 32 and 38, as they are modified by DOMA -- and the resolution of the equal protection claim in the Plaintiffs' favor is all but directed by the First Circuit's decision. Given the guidance from the First Circuit in <u>Massachusetts</u>, this case is amenable to a simple judgment in the Plaintiffs' favor based on the pleadings alone. Little is required of the parties or the Court, as the legal issues in this case are virtually the same as in <u>Massachusetts</u>. <u>Massachusetts</u>, 2012 WL 1948017, at *1 (finding DOMA unconstitutional because "DOMA leaves federal employees unable to share their health insurance and certain other medical benefits with same-sex spouses"); <u>id.</u> at *6 ("For those marries same-sex couples of which one partner is in federal service, the other cannot take advantage of medical care and other benefits available to opposite-sex partners in Massachusetts and everywhere else in the country. . . . Loss of survivor's social security, spouse-based medical care and tax benefits are major

2

detriments on any reckoning; provision for retirement and medical care are, in practice, the main component of the social safety net for vast numbers of Americans.").  Indeed, the First Circuit plainly understood that its ruling respecting DOMA would have implications far beyond the benefit claims raised in the case before it because the First Circuit explained, "DOMA affects a thousand or more generic cross-references to marriage in myriad federal laws. . . . The number of couples thus affected is more than 100,000."  Massachusetts, 2012 WL 1948017, at * 1.  This case involves some of those other 100,000 couples with respect to benefits that arise from federal employment in the military context.  (Even BLAG must appreciate that this Court is bound by the First Circuit's decision.)

   To be sure, the Plaintiffs are mindful that Supreme Court review is likely and that it may be some time before they enjoy the fruits of any victory.  Nevertheless, it is important to them that this case move forward now.  Whatever issues BLAG or the government may want to litigate can be addressed now, so that a final resolution of this case can occur quickly once the appellate process in Massachusetts comes to an end, either through a denial of Supreme Court review or an affirmance of the First Circuit by the Supreme Court.  The alternative of putting this case on hold, only to start back up once the appellate process in Massachusetts comes to and end, simply invites further delay of this case.  That is delay that the Plaintiffs cannot afford.

   The unjust denial of benefits to the Plaintiffs may result in irreparable harm.  For example, Plaintiff Chief Warrant Officer Morgan is in a serious battle with Stage 4 cancer and, if she were to die, the absence of survivor and other benefits to her spouse would jeopardize the ability of her wife and daughter to cover their basic living expenses.  (Dkt. 1 at 15-16.)  Similarly, the denial of health benefits to the spouses of the service member Plaintiffs may jeopardize their health.  That is certainly the situation with Plaintiff Dan Sweazy, who has to go to Mexico to obtain medical care because he is not insured and he cannot afford health care in the United States (Dkt. 1 at 13), and Plaintiff Jerrett Henderson, who also is uninsured and who, following a serious accident, needs a surgery that he cannot afford (Dkt. 1 at 15).

It is bad enough that the United States government acknowledges it is unconstitutionally denying the Plaintiffs the benefits that they have earned through their service to the United States military, but it asks too much in seeking to delay a remedy for this injustice.  The Plaintiffs' case should go forward and, with the recent guidance from the First Circuit, a decision in the Plaintiffs' case is clearly warranted.

## CONCLUSION

The Court should adhere to the current schedule for the government and BLAG to respond to Counts 1, 5 and 9 of the Complaint, and the equal protection claims raised in the Plaintiffs' motion for summary judgment.  The Plaintiffs have no objection to the Court staying the obligation of the government and BLAG to respond to their remaining claims until the appellate process in Massachusetts comes to a close.

/s/ Ian McClatchey
Ian McClatchey, BBO No. 676664
IMcClatchey@Chadbourne.com
CHADBOURNE & PARKE LLP
30 Rockefeller Plaza
New York, NY 10112
(212) 408-5303 (phone)
(646) 710-5303 (fax)

/s/ John M. Goodman
John M. Goodman
JGoodman@SLDN.org
David McKean
DMcKean@SLDN.org
SERVICEMEMBERS LEGAL DEFENSE NETWORK
Post Office Box 65301
Washington, DC 20035
(202) 621-5401 (phone)
(202) 797-1635 (fax)

/s/ Abbe David Lowell
Abbe David Lowell
ADLowell@Chadbourne.com
Christopher D. Man
CMan@Chadbourne.com
CHADBOURNE & PARKE LLP
1200 New Hampshire Ave., NW
Washington, DC 20036
(202) 974-5600 (phone)
(202) 974-5602 (fax)

Counsel for Plaintiffs

**CERTIFICATE OF SERVICE**

I hereby certify that, on June 6, 2012, the foregoing was filed with the Clerk of the Court using the Court's CM/ECF system, which will send electronic notice of such filing to all participants in the case.


 /s/ Christopher D. Man
Christopher D. Man