**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

_____

SHANNON L. MCLAUGHLIN, *et al.*,        )
                                        )
           Plaintiffs,                  )
                                        )
v.                                      )        Civil Action No. 1:11-cv-11905-RGS
                                        )
CHUCK HAGEL, *et al.*,                  )
                                        )
           Defendants.                  )
_____)

## DEFENDANTS' RESPONSE TO THIS COURT'S ORDER TO SHOW CAUSE

Defendants Secretary of Defense Chuck Hagel, Attorney General Eric Holder Jr.,

Secretary of Veterans Affairs Eric Shinseki, and the United States of America, hereby respond to

the Court's June 27, 2013, order to show cause why judgment should not be entered for Plaintiffs

in this case.   As discussed below, Defendants respectfully submit that Plaintiffs' challenges to

Section 3 of Defense of Marriage Act ("DOMA"), 1 U.S.C. § 7, and Titles 10 and 32 of the

United States Code are now moot, but the Court may wish to retain jurisdiction pending the

government's implementation of the Supreme Court's decision in *United States v. Windsor*, No.

12-307, – S. Ct. – , 2013 WL 3196928 (June 26, 2013).  As for Plaintiffs' challenge to the

definitional provisions of Title 38 regarding veterans' benefits, Defendants respectfully submit

that judgment should not be entered on these claims.

As this Court is aware, Plaintiffs are veterans and members of the U.S. armed forces, and

their same-sex spouses, and allege that they are unconstitutionally denied military and veterans'

benefits on the basis of their sexual orientation.  They filed this action challenging the

constitutionality of Section 3 of DOMA and those provisions defining "spouse" in Titles 10, 32,

and 38 regarding military and veteran benefits.  Specifically, the definitions of "spouse" in Titles 10 and 32 both provide that "spouse" means "husband or wife, as the case may be."  10 U.S.C. § 101(f)(5); 32 U.S.C. § 101(18).  Title 38, which governs veterans' benefits, defines "spouse" to mean "a person of the opposite sex who is a wife or husband," 38 U.S.C. § 101(31), and "surviving spouse" to mean "a person of the opposite sex who was the spouse of a veteran at the time of the veteran's death . . . ."  38 U.S.C. § 101(3).  The Complaint raises equal protection, Tenth Amendment, substantive due process, and Bill of Attainder claims.

In light of the Supreme Court's decision in *Windsor*, striking down Section 3 of DOMA, the Department of Defense will now construe the definitional provisions of "spouse" in Titles 10 and 32 to include same-sex spouses.  *See* Extending Benefits to Same-Sex Domestic Partners of Military Members, Memorandum for Secretaries of the Military Departments, Feb. 11, 2013, *available at* http://www.defense.gov/news/Same-SexBenefitsMemo.pdf  ("In the event that the Defense of Marriage Act is no longer applicable to the Department of Defense, it will be the policy of the Department to construe the words 'spouse' and 'marriage' without regard to sexual orientation, and married couples, irrespective of sexual orientation, and their dependents, will be granted full military benefits.").  The Department of Defense intends to expeditiously make available benefits provided under Titles 10 and 32 to the same-sex spouses of servicemembers. To that end, the Department of Defense is currently working to revamp its Defense Enrollment Eligibility Reporting System ("DEERS"), a computerized database of military sponsors, families and others who are entitled to various military benefits.  Indeed, the central claim in the Complaint is Plaintiffs' inability to enroll in DEERS, which in turn has prevented Plaintiffs from filing claims for military benefits.

Because the Supreme Court has already struck down Section 3 of DOMA in *Windsor*, there is no need for this Court to grant any declaratory relief with respect to Section 3 of DOMA. There is also no need for this Court to grant declaratory or injunctive relief with respect to the definitional provisions of Titles 10 and 32.  As noted above, the government will apply these provisions in light of *Windsor* to include same-sex spouses.  There is no longer any dispute with respect to Defendants' obligations to process and consider Plaintiffs' claims for military benefits because the government agrees that it needs to do so, and is working to do so as it implements the Supreme Court's decision in *Windsor*.  Given the government's agreement, there is no longer any case or controversy with respect to Plaintiffs' Titles 10 and 32 claims.  *See Brown v. Colegio de Abogados de Puerto Rico*, 613 F.3d 44, 48 (1st Cir. 2010) ("[B]ehavior certain not to recur ought not be enjoined."); *Cruz v. Farquharson,* 252 F.3d 530, 533 (1st Cir. 2001) ("[A] case is moot . . . when the issues presented are no longer live").

Defendants respectfully submit that Plaintiffs' claims under Titles 10 and 32 are now moot.  This Court, however, may wish to continue to stay this case while the Executive Branch, including the Department of Defense, implements the *Windsor* decision.  Should the Court choose to retain jurisdiction during the pendency of the Department of Defense's implementation, Defendants will provide a status report on or before September 9, 2013, to advise the Court of the Department of Defense's progress.

The government previously has informed this Court that it will not defend Section 101(3) and (31) of Title 38 against challenges under the equal protection component of the Fifth Amendment Due Process Clause.  *See* Notice to the Court, ECF No. 28 (filed Feb. 21, 2012).[1] The Executive Branch, however, continues to defend these definitional provisions of Title 38 on

---

[1] Although the Bipartisan Legal Advisory Group of the U.S. House of Representatives previously intervened to defend the constitutionality of those Title 38 provisions, it has moved to withdraw from this case.  *See* Consent Motion to Withdraw, ECF No. 42 (filed July 18, 2013).

other grounds.  With respect to Plaintiffs' request that the Department of Veterans Affairs process their claims for benefits under Title 38, no plaintiff has sufficiently alleged that he or she has applied for or would be entitled to veterans' benefits but for the definitional provisions in Title 38.  Of the several plaintiff couples, it appears that only two of them include veterans: Colonel Stewart Bornhoft (Ret.) and his spouse Mr. Stephen McNabb — each of whom is enrolled in DEERS on the basis of his own military service, *see* Compl. ¶¶ 38, 41 — and Captain Joan Darrah USN (Ret.) and her spouse Ms. Jacqueline Kennedy.[2]  These plaintiffs do not allege that they have applied for or been denied any veterans' benefits (such as additional disability compensation based on a veteran's service-connected disability, burial benefits, or dependency and indemnity compensation) that they would be eligible to receive but for their same-sex marriage.

More importantly, even if a subset of Plaintiffs had sufficiently pled the denial of veterans' benefits, this Court has no jurisdiction to hear such claims.  The Veterans' Judicial Review Act ("VJRA"), Pub. L. No. 100-687, 102 Stat. 4105, provides an exclusive review scheme for veterans to pursue benefits claims, including raising constitutional challenges to statutes and regulations that govern veterans' benefits.  Under this scheme, a veteran may seek administrative review of the denial of veterans' benefits before the Board of Veterans' Appeals and subsequent judicial review by the Court of Appeals for Veterans Claims, with the right to appeal that court's decision as to legal issues to the U.S. Court of Appeals for the Federal Circuit and ultimately to the Supreme Court.  *See* 38 U.S.C. §§ 7104(a); 7261(a)(1); 7292(a), (d)(1).  At

---

[2]  Plaintiff Chief Warrant Officer Charlie Morgan died of breast cancer during the pendency of this litigation.  *See* ECF No. 42 (Feb. 12, 2013); ECF No. 22 (Dec. 21, 2011).  It is possible that her spouse, Ms. Karen Morgan, may seek dependency and indemnity compensation, which VA provides to a servicemember's or veteran's surviving spouse if the servicemember or veteran dies from a service-connected or compensable disability.  *See* 38 U.S.C. §§ 101(3), 1310(a), 1318; 38 C.F.R. §§ 3.50(b), 3.54(c).  There is no allegation, however, that Chief Warrant Officer Morgan's death was related to a service-connected disability.

the same time, the VJRA specifically divests all other federal courts of jurisdiction to review "all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans."  38 U.S.C. § 511(a).  This Court lacks subject matter jurisdiction to hear any claim for veterans' benefits.  Therefore, judgment should not be entered for Plaintiffs on these claims.

For the foregoing reasons, Defendants respectfully submit that judgment should not be entered for Plaintiffs at this juncture.  Should the Court decide to continue to stay this case, Defendants will provide the Court with a status report on or before September 9, 2013.

Dated:   July 18, 2013

Respectfully Submitted,

STUART F. DELERY
Acting Assistant Attorney General

CARMEN M. ORTIZ
United States Attorney

ARTHUR R. GOLDBERG
Assistant Branch Director

/s/  *Jean Lin*
JEAN LIN
Senior Trial Counsel
U.S. Department of Justice
Civil Division
Federal Programs Branch
20 Massachusetts Avenue, NW
Washington, DC 20530
Phone:  (202) 514-3716
Fax:  (202) 616-8470
email:  jean.lin@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that on July 18, 2013, a true copy of the foregoing Defendants' Response to this

Court's Order to Show Cause was served upon following attorney of record for each other party

through the Court's Electronic Case Filing system:

Ian McClatchey, Esq.
IMcClatchey@Chadbourne.com
CHADBOURNE & PARKE LLP
30 Rockefeller Plaza
New York, NY 10112

Abbe David Lowell, Esq.
ADLowell@Chadbourne.com
Christopher D. Man
CMan@Chadbourne.com
CHADBOURNE & PARKE LLP
1200 New Hampshire Ave., NW
Washington, DC 20036

John M. Goodman, Esq.
JGoodman@SLDN.org
David McKean
DMcKean@SLDN.org
SERVICEMEMBERS LEGAL DEFENSE NETWORK
Post Office Box 65301
Washington, DC 20035

H. Christopher Bartolomucci, Esq.
BANCROFT PLLC
1919 M. Street, N.W. Suite 470
Washington, DC 20036

/s/  *Jean Lin*
JEAN LIN