IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

SHANNON L. MCLAUGHLIN, *et al.*,

    Plaintiffs,

v.                                Civil Action No. 1:11-cv-11905-RGS

CHUCK HAGEL, *et al.*,

    Defendants.

## JUDGMENT

Plaintiffs, veterans and members of the U.S. armed forces and their same-sex spouses, filed this action on October 27, 2011, challenging the constitutionality of Section 3 of the Defense of Marriage Act ("DOMA"), 1 U.S.C. § 7, and the provisions defining the terms "spouse" and "surviving spouse" in Titles 10, 32, and 38 of the United States Code, which govern military and veterans benefits. Plaintiffs filed a motion for summary judgment on November 21, 2011 [#14], and this Court subsequently stayed this action on June 6, 2012.

On June 26, 2013, the Supreme Court held in *United States v. Windsor*, 133 S. Ct. 2675, 2693 (2013), that Section 3 of DOMA "violates basic due process and equal protection principles" and is therefore unconstitutional. In light of *Windsor*, the Department of Defense ("DoD") represented that it will now construe the term "spouse" in Titles 10 and 32 to include same-sex spouses. The President also has directed that the Executive Branch cease enforcement of Sections 101(3) and 101(31) of Title 38 to the extent they limit veterans' benefits to opposite-sex couples, and the Department of Veterans Affairs ("VA") is working to implement this directive. Having considered these developments and the record,

It is ORDERED AND ADJUDGED that the rights of the Plaintiffs are declared as follows:

(1) The definitions of the term "spouse" in Section 101(f)(5) of Title 10 of the U.S. Code and Section 101(18) of Title 32 of the U.S. Code are unconstitutional under the equal protection component of the Due Process Clause of the Fifth Amendment as applied to Plaintiffs by the Department of Defense in the administration of military benefits governed by Titles 10 and 32, to the extent those definitions are construed to limit the provision of military benefits to married opposite-sex couples and precluded Plaintiffs from registering the spouse plaintiffs in the Defense Enrollment Eligibility Reporting System ("DEERS").

(2) Plaintiffs Shannon McLaughlin and Casey McLaughlin are entitled to apply for benefits under Title 10 and Title 32, for which they previously were precluded from applying because of their inability to register Casey McLaughlin in DEERS as a spouse, effective as of October 19, 2011, the date on which they attempted the DEERS registration. They are entitled to have that application evaluated without regard to being a couple of the same gender.

(3) Plaintiffs Victoria Hudson and Monika Poxon are entitled to apply for benefits under Title 10 and Title 32, for which they previously were precluded from applying because of their inability to register Monika Poxon in DEERS as a spouse, effective as of October 14, 2011, the date on which they attempted the DEERS registration. They are entitled to have that application evaluated without regard to being a couple of the same gender.

(4) Plaintiffs Stewart Bornhoft and Stephen McNabb are entitled to apply for benefits under Title 10 and Title 32, for which they previously were precluded from applying because of their inability to register Stephen McNabb in DEERS as a spouse, effective as of October 11,

2011, the date on which they attempted the DEERS registration. They are entitled to have that application evaluated without regard to being a couple of the same gender.

(5)    Plaintiffs Gary Ross and Dan Swezy are entitled to apply for benefits under Title 10 and Title 32, for which they previously were precluded from applying because of their inability to register Dan Swezy in DEERS as a spouse, effective as of October 14, 2011, the date on which they attempted the DEERS registration. They are entitled to have that application evaluated without regard to being a couple of the same gender.

(6)    Plaintiffs Steven Hill and Joshua Snyder are entitled to apply for benefits under Title 10 and Title 32, for which they previously were precluded from applying because of their inability to register Joshua Snyder in DEERS as a spouse, effective as of September 26, 2011, the date on which they attempted the DEERS registration. They are entitled to have that application evaluated without regard to being a couple of the same gender.

(7)    Plaintiffs Daniel Henderson and Jerret Henderson are entitled to apply for benefits under Title 10 and Title 32, for which they previously were precluded from applying because of their inability to register Jerret Henderson in DEERS as a spouse, effective as of September 21, 2011, the date on which they attempted the DEERS registration. They are entitled to have that application evaluated without regard to being a couple of the same gender.

(8)    Plaintiff Karen Morgan is entitled to apply for benefits under Title 10 and Title 32, for which Charlie Morgan and Karen Morgan previously were precluded from applying because of their inability to register Karen Morgan in DEERS as a spouse, effective as of October 25, 2011, the date on which they attempted the DEERS registration. Karen Morgan is entitled to have that application evaluated without regard to being a couple of the same gender.

(9) Plaintiffs Joan Darrah and Jacqueline Kennedy are entitled to apply for benefits under Title 10 and Title 32, for which they previously were precluded from applying because of their inability to register Jacqueline Kennedy in DEERS as a spouse, effective as of October 24, 2011, the date on which they attempted the DEERS registration. They are entitled to have that application evaluated without regard to being a couple of the same gender.

(10) The definitions of the terms "spouse" and "surviving spouse" in Sections 101(3) and (31) of Title 38 of the U.S. Code are unconstitutional under the equal protection component of the Due Process Clause of the Fifth Amendment as applied to Plaintiffs by the Department of Veterans Affairs in the administration of veterans' benefits governed by Title 38 to the extent those definitions are construed to limit the provision of veterans' benefits to married opposite-sex couples.

Dated: 10-2-13.

/s/ Richard G. Stearns
Judge Richard G. Stearns